IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WENDY TRIEM**,

        Plaintiff,

v.

**STATE FARM FIRE AND CASUALTY COMPANY**, *an Illinois Profit Corporation and subsidiary of State Farm Mutual Insurance Company*, et al.,

        Defendants.

No. 3:21-cv-00710-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This case is before me on Defendant Lyft's Motion to Dismiss Second Amended Complaint [ECF 56]. Lyft seeks to dismiss claims II, IV, VI, VII, IX, X, XI, and XII pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). For the reasons discussed below, I GRANT Lyft's motion.

## BACKGROUND

    Plaintiff Wendy Triem alleges that Defendant Toyin Alder picked up Ms. Triem and her friends on a "mothers' night out" under the auspices of (1) driving for either Uber or Lyft and (2) receiving the ride request through one of the two apps. It appears, however, that Mr. Alder either turned off his phone upon picking the women up or never received the ride request through the app. Ms. Triem and her friends entered Mr. Alder's vehicle where he proceeded to tell them he

1 – OPINION AND ORDER

did not have a rideshare app activated. Ms. Triem became concerned about her and her friends' safety and requested Mr. Alder stop the car and let them out. Mr. Alder refused to do so. Another motorist then struck Mr. Alder's vehicle, causing Ms. Triem to suffer severe injuries. Lyft now moves to dismiss the claims Ms. Triem has brought against it.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. Claims VII, IX, and X: Fraud, Vicarious Liability, and Negligent Retention

Ms. Triem argues that Lyft is vicariously liable for fraudulent statements or misrepresentations that Mr. Alder made the evening of the accident to Ms. Triem or her friends. Second Am. Compl. [ECF 16] ¶194(A). She also alleges that Lyft is liable in its own right for negligently retaining Mr. Alder when it knew he used the app in a way that was inconsistent with the terms of service. Ms. Triem brings the following related claims: claim VII (fraud), claim IX (vicarious liability), and claim X (negligent retention). *Id.* ¶¶ 155–184, 192–200.

2 – OPINION AND ORDER

In the briefing, the parties discuss these claims at times as if Mr. Alder is either Lyft's agent or employee. Here, I discuss the legal theories that pertain to Mr. Alder as Ms. Triem pled them in her Second Amended Complaint ("SAC"). For claim VII, Ms. Triem alleges that Mr. Alder was Lyft's agent. *Id*. ¶¶157–61. For claim IX, Ms. Triem alleges that Mr. Alder was either Lyft's agent or employee. *Id*. ¶ 193. For claim X, Ms. Triem alleges that Mr. Alder was Lyft's agent. *Id*. ¶ 198.

As an initial matter, Lyft argues that Ms. Triem fails to meet the heightened pleading standard under Fed. R. Civ. P. 9(b) that requires the party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." I disagree and find that Ms. Triem meets the heightened pleading standard. In pleading claim VII, she states with particularity the relevant circumstances. *Id*. ¶¶ 166–179. However, for the reasons discussed below, I find claims VII, IX, and X should be DISMISSED with prejudice.

**A. Claim IX**

Ms. Triem alleges that Mr. Alder acted as either Lyft's agent or employee.[1] Here I address both the employee and agency theories of Lyft's potential vicarious liability. I find that under both theories, Ms. Triem's claim fails as currently pled.

Lyft points out in its reply that Ms. Triem includes allegations in her response that are absent from the SAC and, therefore, should not be considered. Def.'s Reply [ECF 73] at 5–6. I agree with Lyft that this information was not contained in the SAC and do not consider those statements here.

To determine whether an employer can be held liable for the actions of an employee acting within the scope of his employment, Oregon courts apply a three-part test articulated in

---

[1] I address claim IX first to determine whether Lyft can even be vicariously held liable to Ms. Triem for Mr. Alder's fraudulent statements alleged in claim VII.

3 – OPINION AND ORDER

*Chesterman v. Barmon*, 753 P.2d 404, 406 (Or. 1988). The three prongs are: "(1) whether the act occurred substantially within the time and space limits authorized by the employment; (2) whether the employee was motivated, at least partially, by a purpose to serve the employer, and (3) whether the act is of a kind which the employee was hired to perform." *Id*.

On the first *Chesterman* factor, Lyft argues that the act of the car accident did not occur in the time and space limits authorized by the employment because Mr. Alder was not using the app at the time of the car accident. Def.'s Mot. to Dismiss [ECF 56] at 7–8. On this point, Ms. Triem argues with allegations that were not included in the SAC and are therefore not considered here. The only basis of vicarious liability that Ms. Triem identifies is that Mr. Alder identified himself as the Lyft driver Ms. Triem and her friends called. Pl.'s Resp. in Opp'n [ECF 63] at 4. That is insufficient to demonstrate that the accident occurred in the time and space authorized by the employment.

Under the second *Chesterman* factor, it is evident that Mr. Alder was not motivated, even in part, to serve Lyft. Mr. Alder allegedly used the Lyft app to obtain rides from clients that he intended to complete outside of the app. Second Am. Compl. [ECF 16] ¶ 70. Lyft makes no money if drivers complete the ride outside of the app and this behavior is a violation of its terms of service. Therefore, under the second *Chesterman* factor, Mr. Alder is not an employee acting in the scope of employment with Lyft. Because I find Ms. Triem has failed to plead the first two factors, I need not analyze the third *Chesterman* factor.

Next, determining whether an employer can be held liable for the torts of its agents requires distinguishing between what type of agent an individual is—an employee agent or an agent who is not an employee. *Vaughn v. First Transit, Inc.*, 206 P.3d 181, 187 (Or. 2009). A principal is liable for the torts of its employees while acting in the scope of their employment. *Id*.

at 187. A principal, however, is vicariously liable "for an act of its nonemployee agent" only if it "intend[s] or authorize[s] the results or the manner of performance." *Id* (internal quotation omitted).

As discussed above, because Mr. Alder was not acting in the scope of his employment with Lyft as he is, by definition, an agent who is not an employee under *Vaughn*. Therefore, for Lyft to be held vicariously liable for his actions, Lyft must have intended or authorized the results or the manner of performance. I agree with Lyft that it did not intend or authorize Mr. Alder to take rides outside of the Lyft app where Lyft would recoup no benefit and would in fact lose money. I find it highly unlikely that Ms. Triem could plausibly allege that Lyft in some way authorized Mr. Alder to use the app to find clients and then close the app to take those rides outside of the app.

### B. Claim VII

Claim VII alleges that Mr. Alder made fraudulent representations to Ms. Triem on the night of the accident as Lyft's agent. As discussed above, Lyft cannot be found to be vicariously liable for Mr. Alder's acts because he is an agent who is not an employee and Lyft did not "intend" or "authorize the results or the manner of performance." *Vaughn*, 206 P.3d. at 187.

For the reasons discussed above, I DISMISS claim IX and claim VII as it applies to Lyft with prejudice.

### C. Claim X

Ms. Triem's negligent retention claim, claim X, is inadequately pled on its face. As discussed above, Ms. Triem alleges, for purposes of claim X, that Mr. Alder was Lyft's agent. In Oregon, "[i]t is well settled that an employer may be liable to an invitee for an assault perpetrated by an employee of vicious propensities under certain circumstances." *Hansen v.*

5 – OPINION AND ORDER

*Cohen*, 276 P.2d 391, 393 (Or. 1954). But Lyft states that it cannot find any authority to support a claim for negligent retention of an alleged agent. Def.'s Mot. to Dismiss [ECF 56] at 10.

In response, Ms. Triem points to no authority that demonstrates that an employer can be held liable for negligently retaining an agent. Each case she cites to explicitly discusses employees. Pl.'s Resp. in Opp'n [ECF 63] at 2. Ms. Triem cites to *Towner v. Bernardo*, 467 P.3d 17 (Or. Ct. App. 2020) for the proposition that there is a cognizable claim for negligent retention of an agent. However, this case states only that there are claims for negligently hiring and supervising an agent—not for negligently retaining an agent. *Id*. at 32. In *Towner*, negligent retention of an agent is only discussed in the context of what the Plaintiff in that case alleged in the complaint—not as an identification of cognizable legal theory. *Id*. at 30.

Therefore, I DISMISS claim X with prejudice. Ms. Triem cannot plead that Mr. Alder was an employee acting within the scope of his employment under *Chesterman* and there appears to be no cognizable legal theory for negligent retention of an agent.

## II. Claims II, IV, and VI: Declaratory Judgment, Breach of Contract Underinsured Motorist Insurance, Breach of Contract Personal Injury Protection Insurance Benefits

Lyft argues that Ms. Triem fails to state a claim against Lyft because the factual allegations in the SAC fail to allege that Lyft (1) is an insurer and therefore (2) subject to the Oregon Insurance Code. Def.'s Mot. to Dismiss [ECF 56] at 11. I agree with Lyft.

Throughout the SAC, Ms. Triem alleges that Lyft is an insured—not an insurer. *Id*. ¶¶ 21, 58, 108. The complaint goes so far as to outright state, "At all material times, Defendant Lyft was insured by Defendant Indian Harbor Insurance Company." *Id*. ¶ 21.

Claim II seeks declaratory judgment that Ms. Triem is entitled to coverage from Defendants Lyft and Indian Harbor. *Id*. ¶ 109. As Ms. Triem pled, Lyft is the insured, not an

insurance company and therefore does not provide insurance coverage. As such, declaratory judgment would be improper. Claim IV and VI both allege that Lyft failed to provide coverage to Ms. Triem. Second Am. Compl. [ECF 16] ¶¶ 119–120, 150. Again, Lyft is not an insurance company but rather is insured by Indian Harbor Insurance Company. Therefore, these claims are not properly brought against Lyft.

For the reasons discussed above, I DISMISS claims II, IV, and VI with prejudice as to Lyft.

### III.    Claims XI and XII: Attorney Fees and Pre-Judgment Interest

The final two claims in the SAC are claim XI for attorney fees under ORS 742.061 and claim XII for pre-judgment interest. Second Am. Compl. [ECF 16] ¶¶ 201–07. Lyft argues that Ms. Triem fails to state a claim against Lyft for either attorney fees or pre-judgment interest because (1) Lyft is not an insurer and these causes of action are only available against an insurer and (2) prejudgment interest is not a recoverable category of damages. Def.'s Mot. to Dismiss [ECF 56] at 12. I agree with Lyft.

Two authorities plainly support this result. First, Or. Rev. Stat. 742.061 (the statute underlying claim XI) is written to require attorney fees from an insurer. As discussed above, Lyft is not an insurer. Second, *Providence Health Plan v. Charriere*, No. CV-08-872-HU, 2009 WL 10731075, at *2 (D. Or. May 5, 2009) states that prejudgment interests and attorney fees are "not separate claims implicating a right to a jury trial…[r]ather, they are awards made by the court if the plaintiff prevails in one of its substantive claims." Ms. Triem's efforts to distinguish this case fall flat—she contends it does not stand for the very proposition it states. Pl.'s Resp. in Opp'n [ECF 63] at 8–9.

7 – OPINION AND ORDER

Because these claims are not appropriately pled as claims and cannot be re-pled to correct any deficiencies, I DISMISS claims XI and XII with prejudice. As Ms. Triem acknowledges in her response, these would be more appropriately included in the prayer for relief or request portion of her complaint, and she is welcome to include them there in an amended complaint. Pl.'s Resp. in Opp'n [ECF 63] at 9 ("It is commonplace for a plaintiff to allege in her complaint that she is entitled to attorneys' fees and/or prejudgment interest, even if merely sought in the prayer.")

## CONCLUSION

For the reasons stated above, I GRANT Lyft's Motion to Dismiss [ECF 56]. Claims II, IV, VI, VII, and IX are dismissed with prejudice as to Lyft and claims X, XI and XII are dismissed with prejudice.

IT IS SO ORDERED.

DATED this __15__ day of December, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

8 – OPINION AND ORDER