IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **WENDY TRIEM,** | |
| Plaintiff, | No. 3:21-cv-00710-MO |
| v. | |
| **STATE FARM FIRE AND CASUALTY COMPANY**, *an Illinois Profit Corporation and subsidiary of State Farm Mutual Insurance Company*, et al., | OPINION AND ORDER |
| Defendants. | |

**MOSMAN, J.,**

This case is before me on Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's (collectively referred to as "State Farm") Motion to Dismiss Claim Five [ECF 23]. For the reasons given below, I GRANT State Farm's motion.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only

1 – OPINION AND ORDER

"labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant fair notice of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff Wendy Triem alleges that Defendant Toyin Alder picked up Ms. Triem and her friends on a "mothers' night out" under the auspices of (1) driving for either Uber or Lyft and (2) receiving the ride request through one of the two applications. Ms. Triem and her friends got in Mr. Alder's car where he proceeded to tell them he did not have a rideshare app activated. Ms. Triem became concerned about her and her friends' safety and requested Mr. Alder stop the car and let them out. Mr. Alder refused to do so. Another motorist struck Mr. Alder's car and Ms. Triem suffered severe injuries.

Ms. Triem has three auto policies with State Farm. Second Am. Compl. [ECF 16] ¶ 89. Each policy provided for $15,000 in Personal Injury Protection ("PIP") and $500,000 in Underinsured Motorist Coverage ("UIM") per incident. *Id.* After Ms. Triem's accident she provided proof of loss for PIP and UIM coverage. *Id.* ¶ 93. State Farm initially only paid UIM coverage under one of her insurance policies and did not allow her to "stack" the policies. *Id.* ¶ 136.[1]

---

[1] This fall, I held this motion in abeyance and asked the parties to provide supplemental briefing about the impact on this case of the Oregon Supreme Court's ruling in *Batten v. State Farm Mut. Auto Ins. Co.*, 368 Or. 538 (2021). The parties submitted the supplemental briefing at the beginning of January 2022. The *Batten* decision only resolves whether the UIM limits in the State Farm policies stacked. In *Batten*, the Oregon Supreme Court held the UIM policies stack and therefore, State Farm's anti-stacking language is unenforceable. *Id.* at 558–59. This case does not ultimately impact the fifth claim for relief and instead addresses other areas of the dispute between the parties.

2 – OPINION AND ORDER

## DISCUSSION

State Farm moves to have the fifth claim for relief dismissed arguing there is no cognizable legal theory underpinning the claim. Mot. to Dismiss [ECF 23] at 3. State Farm raises three grounds supporting this assertion: first, that there is no common-law negligence claim for first-party bad faith in Oregon; second, that there is no statutory tort for violations of ORS 746.230; and third, that there are no negligence per se causes of action for violations of ORS 746.230. *Id.* at 3–9. Plaintiff concedes the second ground. Resp. in Opp'n [ECF 31] at 9.

In support of its first ground, State Farm cites to *Georgetown Realty Inc. v. Home Insurance Co.*, 313 Or. 97, 106 (1992) for the proposition that for a common-law negligence claim for first-party bad faith to survive the plaintiff must "allege a standard of care independent of the contract." Mot. to Dismiss [ECF 23] at 4. In *Georgetown* the Court found a standard of care independent of the insurance contract only because the insurer provided a defense to the insured. *Georgetown Realty Inc.*, 313 Or. at 110–11. The Oregon Court of Appeals in *Strader v. Grange Mutual Insurance Co.*, also found that:

> the relationship between an insurer and its insured is special with respect to the insurer's performance of its duty to defense, so that negligent performance of that duty gives rise to a tort claim, but the same relationship is not special with respect to the insurer's refusal to settle within policy limits, which sounds only in contract.

179 Or. App. 329, 334 (2002). This is because when an insurer refuses to settle within policy limits the insured and insurer are adversaries. *Id.*

Plaintiff argues that anything can inform the standard of care and spends numerous pages in response discussing the National Association of Insurance Commissioners, the legislative history from the 1970s of the underlying statute, and a CPCU Certification premised off of a 1993 article. Resp. in Opp'n [ECF 31] at 4–9. Plaintiff provides scant citations.

Plaintiff's argument is unavailing. The case law demonstrates that where an insurer and insured are adversaries, as they are here, there is no independent standard of care to support a negligence claim and a viable claim sounds only in contract. Therefore, I find no standard of care independent from the insurance contract exists to support Plaintiff's fifth claim for relief.

State Farm also argues that there are no negligence per se causes of action for violations of ORS 746.230. Mot. to Dismiss [ECF 23] at 8–9. To support this contention Defendant cites to *Braun-Salinas v. American Family Insurance Group*, 665 F. App'x 576 (9th Cir. 2016) and *Clymo v. American States Insurance Co.*, Case No. 2:18-cv-00168-SU, 2018 WL 4092022, *3–4 (D. Or. June 7, 2018). In *Clymo* Judge Sullivan succinctly articulated the law stating, "Oregon law clearly prohibits tort actions by an insured against an insurer arising from breach of the insurance contract. Plaintiff may not bring a *common-law* negligence claim against the defendant insurer. Further, plaintiff may not bring a *statutory* [ORS 746.230] claim against a defendant insurer." 2018 WL 4092022 at *3 (emphasis in original).

Plaintiff argues these cases are distinguishable because "the Court ruled that in the absence of a negligence case there is no negligence per se claim under ORS 746.230. But it does not appear that plaintiff alleged that there was a negligence case based upon a violation of an independent standard of care, as plaintiff has in this case." Resp. in Opp'n [ECF 31] at 16. As previously discussed, there is no independent standard of care to support the underlying negligence claim. Therefore, I DISMISS claim five with prejudice.

**CONCLUSION**

Because there is no cognizable legal theory to support claim five in the Second Amended Complaint, I GRANT State Farm's Motion to Dismiss [ECF 23] and dismiss claim five with prejudice.

IT IS SO ORDERED.

DATED this 15th day of February, 2022.

MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER